David Kent Fitch, BOP # 34775-048
<u>Name and Prisoner Number/Alien Registration Number</u>

Tucson FCI
<u>Place of Confinement</u>

P.O. Box 23811
<u>Mailing Address</u>

Tucson, AZ 85734
<u>City, State, Zip Code</u>

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌─────────────────────────────────────┐
│  FILED _____  LODGED              │
│  RECEIVED _____  COPY               │
│                                      │
│  7        JUN 1 1 2018        7      │
│                                      │
│     CLERK U S DISTRICT COURT         │
│       DISTRICT OF ARIZONA            │
│  BY_____ DEPUTY   │
└─────────────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

DAVID KENT FITCH                         )
(Full Name of Petitioner)                )                    CV-18-295-TUC-JAS--JR
                                         )
                    Petitioner,          )   CASE NO. _____
                                         )          (To be supplied by the Clerk)
                    vs.                  )
                                         )
Warden Rhodes                          , )   **PETITION UNDER 28 U.S.C. § 2241** & 2243
(Name of Warden, Jailor or authorized person )   **FOR A WRIT OF HABEAS CORPUS**
having custody of Petitioner)            )   **BY A PERSON IN FEDERAL CUSTODY**
                                         )
                    Respondent.          )
_____)

## PETITION

1. What are you challenging in this petition?
   ☐  Immigration detention
   ☐  Bureau of Prisons sentence calculation or loss of good-time credits
   ☐  Probation, parole or supervised release
   ☒  Other (explain): <u>Actual innocence of the USSG § 5K2.1 sentence enhancement</u>

   _____

2. (a) Name and location of the agency or court that made the decision you are challenging: _____
   <u>U.S. District Court, District of Nevada, 333 Las Vegas BLVD., SO. Las Vegas, NV 89101</u>

   (b) Case or opinion number: <u>2:04-CR-0262-JCM</u>

   (c) Decision made by the agency or court: <u>Petitioner was found guilty at trial of of bank</u>
   <u>fraud, money laundering, and access device fraud. At the sentencing hearing, the judge</u>
   <u>determined that petitioner was actually guilty of first degree murder.</u>

**530**

(d)  Date of the decision: ___October 19, 2007_____

3.   Did you appeal the decision to a higher agency or court?      Yes ☒      No ☐

If yes, answer the following:

(a)  First appeal:

   (1)  Name of the agency or court: __Ninth Circuit Court of Appeals_____

   (2)  Date you filed: _____

   (3)  Opinion or case number: _____07-10607_____

   (4)  Result: __Conviction and sentence affirmed_____

   (5)  Date of result: _9-23-2011_____

   (6)  Issues raised: Whether petitioner's 6th Amendement right to a Speedy Trial was
   violated (and) whether petitioner's sentence was procedurally erroneous and
   substantively unreasonable._____
   _____

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b)  Second appeal:

   (1)  Name of the agency or court: __UNITED STATES SUPREME COURT_____

   (2)  Date you filed: _____

   (3)  Opinion or case number: _____11-10567_____

   (4)  Result: _____Certiorari denied_____

   (5)  Date of result: __10-14-2012_____

   (6)  Issues raised: Whether there was a violation of defendant's 6th Amendment right
   to a jury trial_____
   _____

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(c)  Third appeal:

   (1)  Name of the agency or court: _____

   (2)  Date you filed: _____

(3) Opinion or case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.   If you did not appeal the decision to a higher agency or court, explain why you did not: _____
_____
_____
_____
_____

5.   Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☒        No ☐

If yes, answer the following:

(a) Name of the agency or court:  _U.S. District Court, District of Nevada_

(b) Date you filed: _____

(c) Opinion or case number:  _2:04-CR-0262-JCM;     2:13-cv-01761-JCM_

(d) Result:  _All issues denied, COA denied_

(e) Date of result:  _4-23-2018_

(f) Issues raised:  _see attached._
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.   For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

**GROUND ONE**:  Petitioner is actually innocent of the first degree murder enhancement imposed by the sentencing judge under USSG § 5K2.1. Thus, petitioner's sentence and incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default rule applies.

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):
Petitioner was convicted at trial of bank fraud, access device fraud, and money laundering offenses which the court stated under the guidelines carried a sentence of 41-51 months. At sentencing, the court found that the petitioner was really guilty of first degree murder, and that this was the means by which he used to commit his crimes. Relying on that finding, the court imposed a sentence of 262 months. The court increased petitioner's sentence by over 17 years under USSG § 5K2.1 based on the finding of premeditated murder. While the court stated there was clear and convincing evidence to support the application of this section, it cited no evidence that Maria Bozi (Fitch's wife) was dead, much less how she died, or, assuming that she was dead because of the elapsed time since she was known to be alive, the degree of Fitch's involvement in her disappearance. The government did not have clear and convincing evidence that Fitch murdered his wife. Despite years of investigation seeking to link Fitch to his wife's disappearance, prosecutor's still do not have a body, a murder weapon, and a theory of when and how Maria Bozi died or really any direct evidence to prove that Bozi is dead or that Fitch murdered her. The prosecutor admitted this much at the sentencing hearing. (Bozi's disappearance and the circumstances concerning her disappearance are still unknown).

(b)  Did you exhaust all available administrative remedies relating to Ground One?      Yes ☒      No ☐

(c)  If yes, did you present the issue to:
      ☐ The Board of Immigration Appeals
      ☐ The Office of General Counsel
      ☐ The Parole Commission
      ☒ Other: the district court where petitioner was convicted and sentenced.

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

4

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?        Yes ☐        No ☐

(c)  If yes, did you present the issue to:
         ☐  The Board of Immigration Appeals
         ☐  The Office of General Counsel
         ☐  The Parole Commission
         ☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

5

**GROUND THREE:** _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?        Yes ☐        No ☐

(c)  If yes, did you present the issue to:
  ☐  The Board of Immigration Appeals
  ☐  The Office of General Counsel
  ☐  The Parole Commission
  ☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR**: _____

_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  Did you exhaust all available administrative remedies relating to Ground Four?     Yes ☐     No ☐

(c)  If yes, did you present the issue to:
        ☐  The Board of Immigration Appeals
        ☐  The Office of General Counsel
        ☐  The Parole Commission
        ☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____
_____
_____
_____
_____
_____
_____

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☒      No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)   Have you filed a motion under 28 U.S.C. § 2255?          Yes ☒          No ☐

If yes, answer the following:

(1) Name of court:  __United States District Court, District of Nevada__

(2) Case number:  __2:04-CR-0262-JCM / 2:13-cv-01761-JCM__

(3) Opinion or case number:  __Dkt. # 388, same case no's as above.__

(4) Result: __All issues denied, Coa denied as to all issues as well.__

(5) Date of result:  __4/23/2018__

(6) Issues raised:  __see copy of amended 2255 included herein__
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b)   Explain why the remedy under § 2255 is inadequate or ineffective: __Because of procedural default due to ineffective assistance of counsel and because of district court's ruling that actual innocence claim was time barred, § 2255 is inadequate or ineffective as a remedy, Because petitioner is "actually innocent" of the conduct on which his sentence is based, i.e., the 5K2.1 sentencing enhancement, his incarceration is fundamentally unjust and the miscarriage of justice exception to procedural default rule applies.__

8.   If this case concerns immigration removal proceedings, answer the following:

(a)   Date you were taken into immigration custody: _____

(b)   Date of removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?      Yes ☐      No ☐

(1) Date you filed: _____

(2) Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____
_____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(d)  Did you file an appeal with the federal court of appeals?        Yes ☒        No ☐

(1) Name of the court: _____Ninth Circuit Court of Appeals_____

(2) Date you filed: _____May 24, 2018_____

(3) Case number: _____Don't have one yet_____

(4) Result: __No result yet_____

(5) Date of result: _____

(6) Issues raised: __Same as those in the amended petition._____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

9.   Petitioner asks that the Court grant the following relief: __Petitioner requests that this habeas__
__court grant his petition for a writ of habeas corpus and order his immediate release__
__from confinement, or dispose of the matter as law and justice require as § 2243's scope__
__of permissible relief applies to all federal habeas corpus proceedings,_____
_____
or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___May 28th, 2018___(month, day, year).

_____David Patel_____
**Signature of Petitioner**

_____          ___May 28, 2018_____

Signature of attorney, if any                        Date

9

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA, TUCSON DIVISION


DAVID KENT FITCH

       Petitioner,           Civil Case No.

v.

R.L. Rhodes, Warden

       Respondent.


MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S 2241 PETITION


    Petitioner, David Kent Fitch, submits this Memorandum of Law in Support of his 28 USC § 2241 Petition.

    Petitioner's response, however inartfully pleaded, should be held to a less stringent standard than that of professional attorneys. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d 652 (1972) ("however inartfully pleaded," pro se filings must be held "to less stringent standards than formal pleadings drafted by lawyers").

    The petitioner claims that he is "actually innocent" of the act for which he received an enhanced sentence under USSG § 5K2.1. Such a manifest injustice brings the petitioner under the fundamental miscarriage of justice exception. To present otherwise time barred claims in federal court, a petitioner must produce proof of his innocence that is sufficient to convince a federal court that a failure to entertain his claim would constitute a fundamental miscarriage of justice. Lee v. Lampert, 653 F.3d 929, 937-38 (9th Cir. 2011). This "fundamental miscarriage of justice" doctrine has been

described as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."

In the petitioner's case, the Government will assert that he must demonstrate that he is "actually innocent" of first degree murder. But the petitioner's indictment charged him only with fraud and money laundering offenses, and there is record evidence that the Government elected not to charge him with first degree murder, because as AUSA Timothy Vasquez stated in a memo dated March 5, 2007, "Although the United States does not have jurisdiction to charge Mr. Fitch with this offense, if he is convicted at trial I will seek to hold him fully accountable for all relevant conduct." Accordingly, the petitioner must demonstrate no more than that there is no record evidence that he committed first degree murder.

"Actual innocence" means "factual innocence" which means that it is more likely than not that no reasonable juror would have found defendant guilty beyond a reasonable doubt.

Because the petitioner comes before this habeas court "not guilty" but "actually innocent" in the eyes of the law, his current sentence based on the § 5K2.1 enhancement for first degree murder is manifestly unjust and falls under the "miscarriage of justice" exception.

Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995), provides a limited gateway for habeas petitioner to have an otherwise-barred claim heard in federal court on the merits. Under the Schlup standard, petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of...new evidence." Lee, 653

F3d. at 938; see also Schlup, 513 U.S. at 327.

Petitioner shows that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. This exacting standard 'permits review only in the 'extraordinary' case,' but it 'does not require absolute certainty about the petitioner's guilt or innocence.' Id. (quoting House, 547 U.S. at 538).

The petitioner was convicted of bank fraud, access device fraud, and money laundering charges at trial. However, when he went to sentencing, the court found by clear and convincing evidence that he had murdered his wife (Maria Bozi), and that her death was the means he used to commit his crimes. Relying on that finding, the court imposed a sentence of 262 months ran consecutively with a prior related case which equated to 360 months. The district court increased his sentence by over 17 years under USSG § 5K2.1 based on the finding of premeditated murder. While the district court stated there was clear and convincing evidence to support the application of this section, it cited no evidence that Bozi (Fitch's wife) was dead, much less how she died, or, assuming that she was dead because of the elapsed time since she was last known to be alive, the degree of his involvement in her disappearance. See United States v. Fitch, 659 F.3d 788, 799-801 (9th Cir. 2011). The sentencing court could only assume that Bozi was dead from the circumstances of her unexplained disappearance. Her death was not a necessary predicate to the fraud committed. The extent of the sentence increase should depend on the dangerousness of the defendant's conduct, the extent to which death or serious injury was intended or knowingly

risked, and the extent to which the offense level for the offense of conviction ... already reflects the risk of personal injury. USSG § 5K2.1. The district court could not evaluate the dangerousness of Fitch's conduct or the extent to which Bozi's presumed death was intended or knowingly risked because the record is silent on these factors. See U.S. v. Thomas, 280 F.3d 1149, 1156 (7th Cir. 2002)(upward departure not justified because court made insufficient factual findings as to defendant's involvement in victims death). The Ninth Circuit has held that factual findings are clearly erroneous when they are "without support in inferences that may be drawn from the facts in the record." See United States v. Hinkson, 585 F.3d 1247, 1262 (9th cir. 2009)(en banc).

The court's finding of first degree premeditated murder is not supported by the record. The petitioner declares under penalty of perjury, that he is "actually innocent" of the first degree murder enhancement.

## ARGUMENT

Petitioner has not waived this claim of "actual innocence". An actual innocence claim was brought in his original 2255 motion, and then again in claim three of his amended 2255 motion and therefore, should not have been time barred. Irreguardless, the "actual innocence" exception to the procedural default rule should be applied because petitioner is actually innocent of the first degree murder enhancement.

As in the capital habeas context where an exception is made for otherwise procedurally barred claims where the

petitioner asserts that he is "actually innocent" of the
aggravating factors that permit imposition of a capital
sentence, Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120
L.Ed. 2d 269 (1992), the petitioner in this case asserts that
he is "actually innocent" of the aggravating factors - first
degree murder - that permitted the enhancement of his sentence
under USSG § 5K2.1.

Lower sentencing courts have followed this principle by
recognizing the applicability of the actual innocence
exception to the sentencing phase of noncapital cases. See
United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994)
(finding no difference between holding defendant innocent of
acts required to enhance a sentence in a death case and
applying parallel rationale in noncapital cases); Smith v.
Collins, 977 F.2d 951, 958-59 (5th Cir. 1992) (assuming actual
innocence extends to noncapital sentencing procedures);
Pilchak v. Camper, 935 F.2d 145, 148 (8th Cir. 1991) (stating
that the Eighth Circuit "while recognizing that the [actual
innocence] exception ... is very narrow, has transported the
exception into the sentencing phase of a trial"); Spence v.
Superintendent, Great Meadow Correctional Facility, 219 F.3d
162 (2d cir. 2000) (where habeas petitioner is actually
innocent of conduct on which his sentence is based,
incarceration is fundamentally unjust and miscarriage of
justice exception to procedural default rule applies).

Judge Goodwin's dissent from the panel opinion
effectively documents why the Government, did not even have
"clear and convincing evidence" that Fitch murdered his wife.
Slip op. at 18156-18158 (Goodwin, J., dissenting). Despite

years of investigation seeking to link Fitch to his wife's
disappearance, prosecutors still do not have a body, a murder
weapon, and theory of when and how Maria Bozi (Fitch's wife)
died or really any direct evidence to prove that Bozi is
actually dead or that Fitch murdered her. The prosecutor
admitted this much at the sentencing hearing. ER3 246 (Bozi's
disappearance and the circumstances concerning her
disappearance are still unknown.") The Government, by their
own admission, has "nothing but a clear inference" that Fitch
perhaps was involved in Bozi's disappearance. ER3 266.

There is no case law (that petitioner could find) in any
circuit where such circumstantial evidence based merely on a
person's disappearance can legally amount to "clear and
convincing" evidence of first-degree murder. There can be no
question that that the Government's evidence does not amount
to proof beyond a reasonable doubt that Fitch murdered his
wife---and that is precisely why Fitch has never been formally
charged with her murder and why federal prosecutors are
dependent on a judicial inquisition to have Fitch punished for
a crime that they cannot prove he committed.

As previously mentioned, AUSA Timothy Vasquez admits in
his memo, (exhibit A) that the United States does not have
jurisdiction to charge the petitioner with murder. So at
petitioner's sentencing hearing, based wholly on
circumstantial evidence that no prosecutor could believe, and
that no jury could reasonably find, would prove Fitch guilty
beyond a reasonable doubt, the district judge at sentencing
decided that Fitch was "really" guilty of first degree murder
--- that he intentionally killed his wife specifically to

effecuate the fraud crimes for which he was convicted --- and
that he should "really" be sentenced for murder rather than
fraud. Based on this suspect fact-finding, the district judge
sentenced Fitch to 262 months in prison for his fraud offenses
(more than five times longer than the sentence at the very top
of the court calculated guidelines range).

Petitioner has presented "clear and convincing" evidence
that he is innocent of the first-degree murder enhancement by
the Government's own admissions. Thus, petitioner shows that
it is more likely than not that no reasonable juror would have
convicted him in light of the new evidence. Lee, 653 F.3d at
938 (quoting Schlup, 513 U.S. at 327).

Petitioner's "actual innocence" claim should be allowed
under § 2241 because (1) he has not had an unobstructed
procedural shot at presenting the actual innocence claim; and
(2) the evidence presented in this petition constitutes "new
reliable evidence...that was not presented at trial.' Schlup,
513 U.S. at 324; Sistrunk v. Armenakis, 292 F.3d 669, 673 n.4
(9th Cir. 2002).

CONCLUSION

Based on the aforementioned, this court should recognize
that the "actual innocence" doctrine is grounded in the
equitable discretion of federal habeas courts to see that
federal constitutional errors do not result in the
incarceration of innocent persons. Herrera v. Collins, 506
U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993). This
court should conclude that the "actual innocence" exception

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Nevada*
*Organized Crime Strike Force*

---

333 Las Vegas Blvd. South, Suite 5000        (702 ) 388-6336
Las Vegas, Nevada 89101              FAX (702) 388-6418

March 5, 2007

Lisa A. Rasmussen
8831 West Sahara Avenue
Las Vegas, Nevada 89117
**FAX: 822-2650**

Re:    U.S. v. Fitch, 2:04-CR-262-JCM-PAL

Counselor:

As I explained in our telephone conversation last week, I have been assigned (at least temporarily) to the Fitch case because Greg Damm is presently preoccupied with another case. I also explained that I would like to ascertain whether a plea agreement is possible before I become heavily invested in this case.

After reviewing the file, I understand Greg Damm's prior position: the circumstantial evidence (including Mr. Fitch's disguises and inconsistent statements) indicate that he is culpable for Ms. Bozi's disappearance and likely murder. Although the United States does not have jurisdiction to charge Mr. Fitch with this offense, if he is convicted at trial I will seek to hold him fully accountable for all relevant conduct.

However, I am not altogether confident that Judge Mahan would share the government's view of the defendant's relevant conduct. Therefore, after discussing this matter within our office, the United States offers the following plea agreement to Mr. Fitch. The terms outlined in this plea agreement are based upon a conservative assessment of the evidence—i.e., what can the government readily prove at trial. Moreover, for the limited purposes of this plea agreement, the government would agree **not** to seek an upward departure while allowing the defendant the opportunity to argue for a downward departure under Sentencing Guidelines § 5K2.23 (Discharged Terms of Imprisonment) and 18 U.S.C. § 3553(a).

In sum, the government has made substantial concessions in the proposed plea agreement in order to avoid the burdens and expense of trial. Accordingly, as trial is imminent and preparations have begun, I must request defendant's response by March 9th.

Sincerely

Timothy S. Vasquez
Assistant United States Attorney

should apply here and that petitioner has produced proof of his innocence that is sufficient to convince a federal court that failure to entertain his claim would constitute a fundamental miscarriage of justice, which would otherwise result in petitioner being forced to serve an unconstitutional sentence for first-degree murder that he is not guilty of. Thus, petitioner respectfully requests that this habeas court grant Fitch's petition for a writ of habeas corpus and grant an evidentiary hearing if necessary (or) order his immediate release from confinement (or) dispose of the matter as law and justice require pursuant to § 2243's scope of permissible relief which applies to all federal habeas corpus proceedings.

                          RESPECTFULLY SUBMITTED

/s/ David Fitch                    Date: May 28, 2018

David Fitch, Petitioner